# 𝕮𝖑𝖞𝖙𝖍𝖊𝖛𝖎𝖑𝖑𝖊

## BLUNT V. MERCANTILE RAILWAY AND LOAN ASSOCIATION AND OTHERS.

### June 12, 1913.

1. STOCKHOLDERS—*Creditors*—*Case in Judgment.*—The evidence, in the case in judgment, taken as a whole, shows that the appellant was a creditor of the appellee company and not a stockholder thereof.

Appeal from a decree of the Circuit Court of the City of Alexandria. Decree for the defendant. Complainant appeals.

*Reversed.*

The opinion states the case.

*Howard W. Smith* and *S. G. Brent,* for the appellant.

*J. K. M. Norton* and *Gardner L. Boothe,* for the appellees.

WHITTLE, J., delivered the opinion of the court.

On January 12, 1911, upon a bill filed by its board of directors, the appellee, the Mercantile Railway Building and Loan Association of Alexandria, Virginia (hereinafter called the association), was placed in the hands of a receiver. Subsequently the appellant, C. T. Blunt, was admitted as a party to the litigation and asserted a demand as creditor against the association for two alleged loans aggregating $2,100.

Appellant contended that on December 31, 1909, he deposited $1,800 with Lewis Hooff, secretary of the association, upon written contract, for the term of three years, at 5½ *per cent.* interest, withdrawable on ninety days notice; and that on July 7, 1910, he made an additional deposit of $300 upon precisely the same terms.

The receiver, on the contrary, maintained that these deposits represented the purchase price of eighteen shares and three shares, respectively, of paid-up stock.

The controversy was referred to a master commissioner in chancery, who sustained the receiver's contention with respect to the $1,800 deposit, but overruled it as to the deposit of $300. The circuit court confirmed the report, and from so much of the decree as applied to the $1,800 this appeal was granted.

The issue is thus sharply drawn between the parties as to the status of the $1,800 deposit. The appellant maintains that being in no respect distinguishable from that of the $300 it should have been carried into the savings department of the association and appellant classed as a preferred creditor with regard to it, as was done in the case of the latter deposit.

The written evidence of the agreement between appellant and the association concerning these sums consists of two entries made by the secretary in a blank pocket deposit book of sales of stock on instalments, as follows: "1909, Dec. 31st, $1,800.00, paid in full, int. at 5½ *per cent.* for a term of three years, 90 days notice required on withdrawal. Lewis Hooff, Secty." And on the second page: "July 7, 1910, $300.00, paid in full, int. at 5½ *per cent.* for a term of three years, 90 days required on withdrawal. Lewis Hooff, Secty." On the outside cover of this book (the name, date, figures and "in full" written and the rest printed) is the following memorandum made, but not signed, by Lewis Hooff: "Name C. T. Blunt. Date of Cer-

tificate Dec. 31, 1909. No. 8706. No. of shares 18. Payment, $1,800.00 in full."

Hooff and Blunt both gave their depositions, and the former testified that his understanding was that both amounts paid to him by Blunt were for the purchase of stock. He had no independent recollection on the subject, however, but considered a book of certificates showing "Stub No. 8706 for 18 shares of stock issued to C. T. Blunt, December 31, 1909," from which the certificates had been removed, "proof positive" so far as the $1,800 deposit was concerned. Witness found no such memorandum with respect to the $300 deposit; yet it is shown by the positive testimony of Hooff and Blunt that both sums were deposited upon absolutely the same terms, and their statements are verified by the contemporaneous written agreement of Hooff, secretary. Appellant moreover testified unequivocally that the payments were not made on account of stock transactions; that he did not intend to purchase stock, and, in point of fact that no certificates of stock were ever delivered to him. Besides, it was shown from the by-laws of the association that a candidate for membership had first to sign a formal application in writing that he wished to acquire stock, and also obligate himself to strictly observe the by-laws, rules and regulations of the association. Though specifically called for, and though witness agreed to look it up, no such application was produced, nor was it shown that appellant's name appeared among the list of stockholders. If such had been the fact, it ought readily to have been shown by the records of the association, other than mere *ex parte memoranda* of Hooff, that Blunt was indeed a stockholder. Appellant testified explicitly, and there was no evidence to the contrary, that he never attended a meeting of stockholders, and never was notified of such meetings; nor did he receive any dividends from surplus profits to which,

as a stockholder, he would have been entitled. The dividends declared on stock were five *per cent.,* which rate the commissioner erroneously reported that Blunt received; whereas the association paid him 5½ *per cent.* in accordance with the terms of his special agreement in writing with the secretary. Hooff testified that he had a special arrangement with Blunt by which he paid him interest at the rate of 5½ *per cent.* until the failure of the association. In that connection he explained that he agreed to pay 5½ *per cent.* because the money was worth it to the association, and was a cheaper rate than the banks charged. In reply to a letter addressed to the secretary by Blunt he employs this language: "Yes, we can use $300.00." He would hardly have so written in reply to an application to buy stock. Again, the by-laws prescribe that paid-up stock cannot be withdrawn until after six months from the date of issue; yet the special agreement in this case stipulated for the return of the money on ninety days' notice. Hooff also testified that he supposed they had stubs of checks covering interest paid on these deposits, and he was called on to look them up and file them with the commissioner, but they were never filed. These stubs and corresponding checks, if produced, would probably have shown whether they were dividend or interest checks.

Upon careful consideration of the evidence as a whole, we are of opinion that it sustains the contention of appellant that the $1,800 deposit was made upon the same terms as the $300, and that for the first amount, as for the last, he was entitled to be classed as a creditor and not as a stockholder of the association. The inference that Blunt was a stockholder, drawn from memoranda made by Hooff as secretary upon the stub of one of the stock books and upon the pocket deposit book of sales of stock on instalments, is outweighed by the contemporaneous written

agreement and other direct and circumstantial corroborating evidence bearing on the transaction .

For these reasons the decree of the circuit court must be reversed, and the cause remanded for further proceedings, to be had in accordance with the views expressed in this opinion.

*Reversed.*